IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LIPOCINE INC., )
)
Plaintiff, )
)
v. ) C.A. No.  19-622 (UNA)
)
CLARUS THERAPEUTICS, INC., )
)
Defendant. )

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
## OF DEFENDANT CLARUS THERAPEUTICS, INC.

Defendant Clarus Therapeutics, Inc. ("Clarus"), by and through its attorneys, responds as follows to the Complaint by Lipocine Inc. ("Lipocine") (D.I. 1).  Answers to Lipocine's specific allegations are contained below in numbered paragraphs that correspond to the numbered paragraphs of Lipocine's Complaint.  Clarus denies any allegation contained in Lipocine's Complaint not expressly admitted in this Answer:

## NATURE OF THE ACTION

1.     Clarus admits that Lipocine's Complaint alleges patent infringement of United States Patent Nos. 9,034,858 ("the '858 patent"); 9,205,057 ("the '057 patent"); 9,480,690 ("the '690 patent"); 9,757,390 ("the '390 patent"); 6,569,463 ("the '463 patent"); and 6,923,988 ("the '988 patent") (collectively, the "Asserted Patents") under the Patent Laws of the United States, 35 U.S.C.  §§ 100 et seq.,  including §§ 271(a)-(c), and seeks a declaratory judgment of infringement of the Asserted Patents under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 271, arising from Clarus's intent to market and sell JATENZO®, an oral testosterone pharmaceutical product, for use in testosterone therapy treatments.  Clarus further admits that Exhibits A through F to Lipocine's Complaint purport to be true and accurate copies of the '858, '057, '690, '390,

'463, and '988 patents, which on their face list Lipocine Inc. as assignee.  Clarus denies any and all remaining allegations in paragraph 1 of Lipocine's Complaint.

## THE PARTIES

2.      Clarus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of Lipocine's Complaint and, therefore, denies them.

3.      Clarus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of Lipocine's Complaint and, therefore, denies them.

4.      Clarus admits that Clarus Therapeutics, Inc. is a company organized and existing under the laws of the State of Delaware, with a principal place of business at 555 Skokie Boulevard, Suite 340, Northbrook, Illinois 60062.

5.      Clarus admits that Exhibit G to Lipocine's Complaint (2019-03-27 Clarus Press Release) includes the statement: "Clarus is a men's specialty pharmaceutical company developing and preparing for the commercial launch of JATENZO®." (Exhibit G, p. 3)[1].  Clarus denies any and all remaining allegations in paragraph 5 of Lipocine's Complaint.

6.      Clarus admits that it has filed a New Drug Application ("NDA") with the United States Food and Drug Administration ("FDA") seeking approval of an oral-delivery pharmaceutical product containing testosterone undecanoate ("the Clarus NDA").  Clarus also admits that Lipocine has filed an NDA with the FDA seeking approval of an oral delivery testosterone undecanoate product.  Clarus is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 6 of Lipocine's Complaint and, therefore, denies them.

---

[1] All exhibits cited herein refer to those filed with Lipocine's Complaint, and are cited according to the pagination as indicated on the docketed versions of each exhibit (i.e., wherein the first page is the exhibit cover page).

7.     Clarus admits that the Clarus NDA was approved by the FDA on March 27, 2019. Clarus further admits that Exhibit G to Lipocine's Complaint (2019-03-27 Clarus Press Release) as cited in paragraph 7 of Lipocine's Complaint includes the statement: "Clarus expects JATENZO to be available in U.S. pharmacies before the end of the year."  Clarus denies any and all remaining allegations in paragraph 7 of Lipocine's Complaint.

## JURISDICTION AND VENUE

8.     Paragraph 8 of Lipocine's Complaint sets forth legal conclusions to which no answer is required.  To the extent an answer is required, Clarus admits that Lipocine's Complaint alleges patent infringement under the Patent Laws of the United States, 35 U.S.C. §§ 100 et seq., including §§ 271(a)-(c) and seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, but denies that Lipocine is entitled to any of the relief it seeks in its Complaint.  Clarus denies any and all remaining allegations in paragraph 8 of Lipocine's Complaint.

9.     Paragraph 9 of Lipocine's Complaint sets forth legal conclusions to which no answer is required.  To the extent an answer is required, Clarus admits that it is a Delaware organization, organized and incorporated under the laws of Delaware and does not, for the purposes of this action only, contest personal jurisdiction in this judicial district.  Clarus is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 9, and, therefore, denies them.

10.     Paragraph 10 of Lipocine's Complaint sets forth legal conclusions to which no answer is required.  To the extent an answer is required, Clarus admits that it does not, for the purposes of this action only, contest personal jurisdiction in this judicial district, but otherwise denies any remaining allegations of paragraph 10 of Lipocine's Complaint.

11.     Paragraph 11 of Lipocine's Complaint sets forth legal conclusions to which no answer is required.  To the extent an answer is required, Clarus admits that it does not, for the purposes of this action only, contest personal jurisdiction in this judicial district, but otherwise denies any remaining allegations of paragraph 11 of Lipocine's Complaint.

12.     Paragraph 12 of Lipocine's Complaint sets forth legal conclusions to which no answer is required.  To the extent an answer is required, Clarus admits that it does not, for the purposes of this action only, contest that venue is proper in this judicial district relative to the claims asserted herein, but otherwise denies any remaining allegations of paragraph 12 of Lipocine's Complaint.

13.     Paragraph 13 of Lipocine's Complaint sets forth legal conclusions to which no answer is required.  To the extent an answer is required, Clarus admits that Lipocine purports to seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201-02, and that an actual, substantial and justiciable controversy exists between Lipocine and Clarus of sufficient immediacy and reality with respect to the Asserted Patents, but denies that Lipocine is entitled to any of the relief it seeks in its claims.   Clarus denies any and all remaining allegations in paragraph 13 of Lipocine's Complaint.

## BACKGROUND

### The Patents-in-Suit

14.     Clarus admits that the face of the '858 patent entitled "High-Strength Testosterone Undecanoate Compositions" states that it was issued on May 19, 2015 and names Chandrashekar Giliyar, Basawaraj Chickmath, Chidambaram Nachiappan, Mahesh V. Patel, and Srinivansan Venkateshwaran as inventors.  Clarus denies any and all remaining allegations in paragraph 14 of Lipocine's Complaint.

15.     Paragraph 15 of Lipocine's Complaint sets forth legal conclusions to which no answer is required.  To the extent an answer is required, Clarus denies any and all allegations in paragraph 15 of Lipocine's Complaint.

16.     Clarus admits that claim 1 of the '858 patent recites:

1.     A method for providing a serum concentration of testosterone within a steady state target serum testosterone concentration $C_{ave}$ range for a hypogonadal male subject having testosterone deficiency, comprising the steps of,

1) orally administering to the male subject twice a day with a meal an initial regimen including a daily dose of a testosterone undecanoate-containing composition, wherein the testosterone undecanoate comprises about 14 wt % to about 35 wt % of the testosterone undecanoate-containing composition and wherein the daily dose provides about 360 mg to about 480 mg of testosterone undecanoate to the male subject;

2) determining a dose titration metric based on a measurement of serum testosterone concentration for the male subject on at least one titration node day within the initial regimen said measurement of serum testosterone concentration made from 1 to 8 hours after single dose administration of said testosterone undecanoate-containing composition at steady state; and

3) orally administering to the male subject twice a day with a meal a maintenance regimen including a daily dose of a testosterone undecanoate-containing composition, wherein the testosterone undecanoate-containing composition comprises about 14 wt% to about 35 wt% of the testosterone undecanoate-containing composition and wherein the maintenance regimen provides a daily dose of testosterone undecanoate within ±40% of the amount of testosterone undecanoate of the initial regimen daily dose to the subject based on the titration metric determined on the at least one titration node day of the initial regimen sufficient to provide a serum testosterone plasma concentration within the target range

wherein the testosterone undecanoate-containing composition provides upon single dose administration a ratio of serum testosterone $C_{max}$ to $C_{ave}$ of 2.7 or less or provides a dose-normalized serum testosterone Cave of about $1.9 \times 10^{-6} \ dL^{-1}$ or higher.

Clarus denies any and all remaining allegations in paragraph 16 of Lipocine's Complaint.

17.     Clarus admits that claim 20 of the '858 patent recites:

> 20.     A method for providing a serum concentration of testosterone within a target serum testosterone concentration $C_{ave}$ range for a hypogonadal male subject having testosterone deficiency, comprising the steps of,
>
> 1) orally administering to said hypogonadal male subject an initial regimen including a daily dose of a testosterone undecanoate-containing composition having from about 350 mg to about 650 mg of testosterone undecanoate;
>
> and
>
> 2) orally administering to the male subject a first maintenance regimen including a daily dose of a testosterone undecanoate-containing composition that is within ±40% of the amount of testosterone undecanoate of the initial regimen daily dose wherein the daily dose of the maintenance regimen is determined by the serum concentration of testosterone at time t (Ct) at steady state during the initial regimen wherein Ct is correlated to the Cmax and Cave values of a population of hypogonadal men receiving said initial regimen to determine the maintenance regimen daily dose said serum testosterone concentration determined from 1 to 8 hours after single dose administration of said testosterone undecanoate containing composition at steady state.

Clarus denies any and all remaining allegations in paragraph 17 of Lipocine's Complaint.

18.     Clarus admits that the face of the '057 patent entitled "High-Strength Testosterone Undecanoate Compositions" states that it was issued on December 8, 2015 and names Chandrashekar Giliyar, Basawaraj Chickmath, Chidambaram Nachiappan, Mahesh V. Patel, and Srinivansan Venkateshwaran as inventors.  Clarus denies any and all remaining allegations in paragraph 18 of Lipocine's Complaint.

19.     Paragraph 19 of Lipocine's Complaint sets forth legal conclusions to which no answer is required.  To the extent an answer is required, Clarus denies any and all allegations in paragraph 19 of Lipocine's Complaint.

20.     Clarus admits that claim 1 of the '057 patent recites:

> 1.     A method for replacement therapy in a male having a condition associated with a deficiency or absence of endogenous testosterone said method comprising:
>
> (a) Orally administering to said male a daily dosing regimen of a pharmaceutical composition comprising about 14 weight % (wt %) to about 35 wt % testosterone undecanoate and a carrier, that provides from about 360 mg to about 480 mg of testosterone undecanoate to said male per day;
>
> (b) Determining the serum level of testosterone of said male during the daily dosing regimen at from 1-8 hours after single dose administration of said pharmaceutical composition at steady state; and
>
> (c) Orally administering a maintenance daily dosing regimen of a pharmaceutical composition comprising about 14 wt% to about 35 wt% testosterone undecanoate and a carrier, that provides within plus or minus 40% of from about 360 mg to about 480 mg of testosterone undecanoate to said male based on the serum testosterone level determined in step (b),
>
> to provide a serum testosterone Cave in said male in the range of from about 300-1100 ng/dL.

Clarus denies any and all remaining allegations in paragraph 20 of Lipocine's Complaint.

21.     Clarus admits that claim 11 of the '057 patent recites:

> 11.     A method for replacement therapy in a male having a condition associated with a deficiency or absence of endogenous testosterone said method comprising:
>
> (a) Orally administering to said male a daily dosing regimen of a pharmaceutical composition comprising about 14 wt% to about 35 wt% testosterone undecanoate and a carrier to provide from about 350 mg testosterone undecanoate to about 650 mg testosterone undecanoate to said male per day;
>
> (b) determining the serum level of testosterone of said male

during the daily dosing regimen at a single time point
from 1-8 hours after single dose administration of said
pharmaceutical composition at steady state, $C_t$; and

(c) orally administering a maintenance daily dosing regimen
of a pharmaceutical composition comprising about
14 wt % to about 35 wt % testosterone undecanoate and
a carrier, that provides within plus or minus 40% of from
about 350 mg to about 650 mg of testosterone undecanoate
to said male based on the serum testosterone
level determined in step (b),

said carrier comprising a monoglyceride, a diglyceride, a
fatty acid, a polyoxyethylene hydrogenated vegetable
oil or a combination thereof,

to provide a serum testosterone Cave in said male in the
range of from about 300-1100 ng/dL.

Clarus further admits that claim 20 of the '057 patent recites:

20.   A method for replacement therapy in a male having a
condition associated with a deficiency or absence of endogenous
testosterone said method comprising:

(a) Orally administering to said male subject a daily dosing
regimen of a pharmaceutical composition comprising
about 14% to about 35% testosterone undecanoate and a
carrier to provide from about 360 mg testosterone undecanoate
to about 480 mg testosterone undecanoate to
said male per day;

(b) determining the serum level of testosterone of said male
during the daily dosing regimen at a single time point
from 1-8 hours after single dose administration of said
pharmaceutical composition at steady state, $C_t$; and

(c) orally administering a maintenance daily dosing regimen
of a pharmaceutical composition comprising about
14% to about 35% testosterone undecanoate and a carrier,
that provides within plus or minus 40% of from
about 360 mg to about 480 mg of testosterone undecanoate
to said male subject based on the serum testosterone
level determined in step (b),

said carrier comprising a monoglyceride, a diglyceride, a
polyoxyethylene hydrogenated vegetable oil or a combination
thereof and said pharmaceutical composition
having at least 5% of said testosterone undecanoate not
dissolved and at least 33% dissolved in said carrier,

8

> to provide a serum testosterone Cave in said male in the
> range of from about 300-1100 ng/dL.

Clarus denies any and all remaining allegations in paragraph 21 of Lipocine's Complaint.

22.    Clarus admits that the face of the '690 patent entitled "High-Strength Testosterone Undecanoate Compositions" states that it was issued on November 1, 2016 and names Chandrashekar Giliyar, Basawaraj Chickmath, Chidambaram Nachiappan, Mahesh V. Patel, and Srinivansan Venkateshwaran as inventors.   Clarus denies any and all remaining allegations in paragraph 22 of Lipocine's Complaint.

23.    Paragraph 23 of Lipocine's Complaint sets forth legal conclusions to which no answer is required.  To the extent an answer is required, Clarus denies any and all allegations in paragraph 23 of Lipocine's Complaint.

24.    Clarus admits that claim 1 of the '690 patent recites:

> 1.    A method for replacement therapy in a male having a
> condition associated with a deficiency or absence of endogenous
> testosterone said method comprising:
>
> (a) Orally administering to said male a daily dosing
> regimen of a pharmaceutical composition comprising
> about 14 weight% (wt%) to about 35 wt% testosterone
> undecanoate and a carrier, that provides from about
> 360 mg to about 480 mg of testosterone undecanoate to
> said male per day;
>
> (b) Determining the serum level of testosterone of said
> male during the daily dosing regimen at from 1-8 hours
> after a single dose administration of said pharmaceutical
> composition at steady state; and
>
> (c) Orally administering a maintenance daily dosing regimen
> of a pharmaceutical composition comprising about
> 14 wt% to about 35 wt% testosterone undecanoate and
> a carrier, that provides within plus or minus 40% of
> from about 360 mg to about 480 mg of testosterone
> undecanoate to said male based on the serum testosterone
> level determined in step (b),
>
> to provide a serum testosterone $C_{ave}$ in said male in the
> range of from about 300-1100 ng/dL,

wherein said carrier comprises a fatty acid and a polyoxyethylene hydrogenated vegetable oil.

Clarus denies any and all remaining allegations in paragraph 24 of Lipocine's Complaint.

25.     Clarus admits that claim 11 of the '690 patent recites:

11.     A method for replacement therapy in a male having a condition associated with a deficiency or absence of endogenous testosterone said method comprising:

(a) Orally administering to said male a daily dosing regimen of a pharmaceutical composition comprising about 14 wt % to about 35 wt % testosterone undecanoate and a carrier to provide from about 350 mg testosterone undecanoate to about 650 mg testosterone undecanoate to said male per day;

(b) determining the serum level of testosterone of said male during the daily dosing regimen at a single time point from 1-8 hours after single dose administration of said pharmaceutical composition at steady state, $C_i$; and

(c) orally administering a maintenance daily dosing regimen of a pharmaceutical composition comprising about 14 wt% to about 35 wt% testosterone undecanoate and a carrier, that provides within plus or minus 40% of from about 350 mg to about 650 mg of testosterone undecanoate to said male based on the serum testosterone level determined in step (b),

said carrier comprising a fatty acid and a polyoxyethylene hydrogenated vegetable oil, to provide a serum testosterone $C_{ave}$ in said male in the range of from about 300-1100 ng/dL.

Clarus further admits that claim 20 of the '690 patent recites:

20.     A method for replacement therapy in a male having a condition associated with a deficiency or absence of endogenous testosterone said method comprising:

(a) Orally administering to said male a daily dosing regimen of a pharmaceutical composition comprising about 14% to about 35% testosterone undecanoate and a carrier to provide from about 360 mg testosterone undecanoate to about 480 mg testosterone undecanoate to said male per day;

(b) determining the serum level of testosterone of said male during the daily dosing regimen at a single time point from

10

1-8 hours after single dose administration of said
pharmaceutical composition at steady state, $C_t$; and

(c) orally administering a maintenance daily dosing regimen
of a pharmaceutical composition comprising about
14% to about 35% testosterone undecanoate and a carrier,
that provides within plus or minus 40% of from
about 360 mg to about 480 mg of testosterone undecanoate
to said male subject based on the serum testosterone
level determined in step (b),

said carrier comprising oleic acid and Cremophor RH 40,
to provide a serum testosterone $C_{ave}$ in said male in the
range of from about 300-1100 ng/dL.

Clarus denies any and all remaining allegations in paragraph 25 of Lipocine's Complaint.

26.     Clarus admits that the face of the '390 patent entitled "High-Strength Testosterone

Undecanoate Compositions" states that it was issued on September 12, 2017 and names

Chandrashekar Giliyar, Basawaraj Chickmath, Chidambaram Nachiappan, Mahesh V. Patel, and

Srinivansan Venkateshwaran as inventors.   Clarus denies any and all remaining allegations in

paragraph 26 of Lipocine's Complaint.

27.     Paragraph 27 of Lipocine's Complaint sets forth legal conclusions to which no

answer is required.   To the extent an answer is required, Clarus denies any and all allegations in

paragraph 27 of Lipocine's Complaint.

28.     Clarus admits that claim 1 of the '390 patent recites:

1.     A method for replacement therapy in a male having a
condition associated with a deficiency or absence of endogenous
testosterone said method comprising:

(a) Orally administering to said male a daily dosing
regimen of a pharmaceutical composition comprising
about 14 weight % (wt %) to about 35 wt % testosterone
undecanoate and a carrier, that provides about 450
mg or about 480 mg of testosterone undecanoate to said
male per day;

(b) Determining the serum level of testosterone of said
male during the daily dosing regimen at from 1-8 hours
after single dose administration of said pharmaceutical

composition at steady state; and

(c) Orally administering a maintenance daily dosing regimen of a pharmaceutical composition comprising about 14 wt % to about 35 wt % testosterone undecanoate and a carrier, that provides within plus or minus 40% of about 450 mg or 480 mg of testosterone undecanoate to said male per day

to provide a serum testosterone Cave in said male in the range of from about 300-1100 ng/dL.

Clarus denies any and all remaining allegations in paragraph 28 of Lipocine's Complaint.

29.     Clarus admits that claim 13 of the '390 patent recites:

13.   A method for replacement therapy in a male having a condition associated with a deficiency or absence of endogenous testosterone said method comprising:

(a) Orally administering to said male a daily dosing regimen of a pharmaceutical composition comprising about 14 weight % (wt %) to about 35 wt % testosterone undecanoate and a carrier, that provides about 450 mg or about 480 mg of testosterone undecanoate to said male per day;

(b) Determining the serum level of testosterone of said male during the daily dosing regimen at from 1-8 hours after single dose administration of said pharmaceutical composition at steady state; and

(c) Orally administering a maintenance daily dosing regimen of a pharmaceutical composition comprising about 14 wt % to about 35 wt % testosterone undecanoate and a carrier, that provides within plus or minus 40% of about 450 mg or about 480 mg of testosterone undecanoate to said male per day,

to provide a serum testosterone Cave in said male in the range of from about 300-1100 ng/dL,

wherein said pharmaceutical composition has at least 5% of the testosterone undecanoate not dissolved and at least 35% dissolved in said carrier.

Clarus further admits that claim 24 of the '390 recites:

24.   A method for replacement therapy in a male having a condition associated with a deficiency or absence of endogenous testosterone said method comprising:

(a) Orally administering to said male a daily dosing regimen of a pharmaceutical composition comprising about 14 weight % (wt %) to about 35 wt % testosterone undecanoate and a carrier, that provides about 450 mg of testosterone undecanoate to said male per day;

(b) Determining the serum level of testosterone of said male during the daily dosing regimen at from 1-8 hours after single dose administration of said pharmaceutical composition at steady state; and

(c) Orally administering a maintenance daily dosing regimen of a pharmaceutical composition comprising about 14 wt % to about 35 wt % testosterone undecanoate and a carrier, that provides within plus or minus 40% of about 450 mg of testosterone undecanoate to said male per day,

to provide a serum testosterone Cave in said male in the range of from about 300-1100 ng/dL wherein said pharmaceutical composition comprises a monoglyceride, a diglyceride and a hydrophilic surfactant.

Clarus denies any and all remaining allegations in paragraph 29 of Lipocine's Complaint.

30.     Clarus admits that the face of the '463 patent entitled "Solid Carriers for Improved Delivery of Hydrophobic Active Ingredients in Pharmaceutical Compositions" states that it was issued on May 27, 2003 and names Mahesh V. Patel and Feng-Jing Chen as inventors.  Clarus denies any and all remaining allegations in paragraph 30 of Lipocine's Complaint.

31.     Paragraph 31 of Lipocine's Complaint sets forth legal conclusions to which no answer is required.  To the extent an answer is required, Clarus denies any and all allegations in paragraph 31 of Lipocine's Complaint.

32.     Clarus admits that claim 29 of the '463 patent recites:

29.     A pharmaceutical composition in the form of a solid carrier comprising an admixture of a hydrophobic pharmaceutical active ingredient an effective solubilizing amount of at least one hydrophilic surfactant, and a lipophilic additive selected from the group consisting of lipophilic surfactants, triglycerides, and combinations thereof, wherein the effective solubilizing amount of the at least one hydrophilic

13

> surfactant is an amount effective to partially or fully solubilize the pharmaceutical active ingredient in the solid carrier.

Clarus denies any and all remaining allegations in paragraph 32 of Lipocine's Complaint.

33.     Clarus admits that the face of the '988 patent entitled "Solid Carriers for Improved Delivery of Active Ingredients in Pharmaceutical Compositions" states that it was issued on August 2, 2005 and names Mahesh V. Patel and Feng-Jing Chen as inventors.  Clarus denies any and all remaining allegations in paragraph 33 of Lipocine's Complaint.

34.     Paragraph 34 of Lipocine's Complaint sets forth legal conclusions to which no answer is required.  To the extent an answer is required, Clarus denies any and all allegations in paragraph 34 of Lipocine's Complaint.

35.     Clarus admits that claim 1 of the '988 patent recites:

> 1.     A pharmaceutical composition in the form of a solid carrier comprising an admixture of:
>
> (a) a pharmaceutical active ingredient selected from the group consisting of:
>
> analgesics, anti-inflammatory agents, antihelminthics, antiarrhythmic agents, anti-bacterial agents, anti-viral agents, anti-coagulants, anti-depressants, anti-diabetics, antiepileptics, anti-fungal agents, anti-gout agents, antihypertensive agents, anti-malarials, anti-migraine agents, anti-muscarinic agents, anti-neoplastic agents, erectile dysfunction improvement agents, immunosuppressants, antiprotozoal agents, anti-thyroid agents, anxiolytic agents, sedatives, hypnotics, neuroleptics, β-blockers, cardiac inotropic agents, corticosteroids, diuretics, anti-parkinsonian agents, gastro-intestinal agents, histamine receptor antagonists, keratolyptics, lipid regulating agents, antianginal agents, Cox-2 inhibitors, leukotriene inhibitors, macrolides, muscle relaxants, nutritional agents, opioid analgesics, protease inhibitors, sex hormones, stimulants, muscle relaxants, anti-osteoporosis agents, anti-obesity agents, cognition enhancers, anti-urinary incontinence agents, nutritional oils, anti-benign prostate hypertrophy agents, essential fatty acids, non-essential fatty acids, and mixtures thereof,

(b) an effective solubilizing amount of at
least one hydrophiliac surfactant, which is effective to
partially or fully solubilize the pharmaceutically active
ingredient in the solid carrier, and optionally

(c) an additive, wherein the at least one hydrophilic surfactant
is selected from: (i) a hydrophilic surfactant that solidifies at ambient  room
temperature; (ii) a mixture of hydrophilic surfactants that in combination
solidify at ambient room temperature; (iii) a hydrophilic surfactant that
solidifies at ambient room temperature in the presence of the additive; and (iv)
a combination of two or more of (i), (ii), and (iii), wherein the  effective
solubilizing amount of the at least one hydrophilic surfactant is an amount
effective to facilitate sustained solubilization of the active ingredient upon
administration, with the proviso that when the at least one hydrophilic
surfactant includes (iii), the composition then includes the optional additive.

Clarus denies any and all remaining allegations in paragraph 35 of Lipocine's Complaint.

36.     Clarus is without knowledge or information sufficient to form a belief as to the
truth of the allegations in paragraph 36 of Lipocine's Complaint and, therefore, denies them.

**Clarus's NDA Product: JATENZO®**

37.     Clarus admits that it has developed an oral-delivery pharmaceutical product
containing testosterone undecanoate as described in New Drug Application No. 206089 ("the
Clarus NDA Product").  Clarus denies any and all remaining allegations in paragraph 37 of
Lipocine's Complaint.

38.     Clarus admits that on January 3, 2014, Clarus filed a New Drug Application
No. 206089 ("the Clarus NDA") with the FDA seeking approval to market the Clarus NDA
Product.

39.     Clarus admits that Exhibit H to Lipocine's Complaint (2014-09-18 Clarus Press
Release) includes the statement: "Clarus Therapeutics, Inc. announced today that the U.S. Food
and Drug Administration's (FDA) Bone, Reproductive and Urologic Drugs Advisory Committee
and Drug Safety and Risk Management Advisory Committee voted 18-3 that the overall
benefit/risk profile of REXTORO™ (Testosterone Undecanoate) was not acceptable to support

approval for testosterone replacement therapy." (Exhibit H, p. 2). Clarus denies any and all remaining allegations in paragraph 39 of Lipocine's Complaint.

40.     Clarus admits that it conducted the Phase 3 clinical investigation of the Clarus NDA Product referenced in Exhibit I of Lipocine's Complaint (2017-06-26 Clarus Press Release). Clarus denies any and all remaining allegations in paragraph 40 of Lipocine's Complaint.

41.     Clarus admits that on or around June 26, 2017, Clarus resubmitted its NDA for FDA approval, and that such resubmission included the results of the above-referenced Phase 3 clinical investigation. Clarus denies any and all remaining allegations in paragraph 41 of Lipocine's Complaint.

42.     Clarus admits that on March 27, 2019, Clarus received FDA approval to commercialize the Clarus NDA Product, JATENZO®.

43.     Clarus admits that Exhibit G to Lipocine's Complaint (2019-03-27 Clarus Press Release) as cited in paragraph 43 of Lipocine's Complaint includes the statement: "Clarus expects JATENZO to be available in U.S. pharmacies before the end of the year." (Exhibit G, p. 2). Clarus denies any and all remaining allegations in paragraph 43 of Lipocine's Complaint.

44.     Paragraph 44 of Lipocine's Complaint sets forth legal conclusions to which no answer is required. To the extent an answer is required, Clarus denies any and all allegations in paragraph 44 of Lipocine's Complaint.

45.     Clarus admits that Exhibit J (JATENZO® FDA-Approved Label) as cited in paragraph 45 of Lipocine's Complaint includes the statement: "JATENZO (testosterone undecanoate) is an androgen indicated for testosterone replacement therapy in adult males for

conditions associated with a deficiency or absence of endogenous testosterone." (Exhibit J, p. 2). Clarus denies any and all remaining allegations in paragraph 45 of Lipocine's Complaint.

46.     Clarus admits that Exhibit J (JATENZO® FDA-Approved Label) as cited in paragraph 46 of Lipocine's Complaint includes the statement: "JATENZO for oral use is provided as a gelatin capsule containing testosterone undecanoate." (Exhibit J, p. 14).

47.     Clarus admits that the wt % , when based on the total weight of the capsule fill formulation, of the testosterone undecanoate in JATENZO$^®$ is between 14 wt % and 35 wt %. Clarus denies any and all remaining allegations in paragraph 47 of Lipocine's Complaint.

48.     Clarus admits that Exhibit J (JATENZO® FDA-Approved Label) as cited in paragraph 48 of Lipocine's Complaint includes the statement: "JATENZO capsules are available in three strengths of 158 mg, 198 mg, and 237 mg."   (Exhibit J, p. 14).  Clarus further admits that Exhibit J (JATENZO® FDA-Approved Label) as cited in paragraph 48 of Lipocine's Complaint includes the statements: "Take Jatenzo with food," and "Administer the same dose in the morning and evening."   (Exhibit J, p. 5).  Clarus denies any and all remaining allegations in paragraph 48 of Lipocine's Complaint.

49.     Clarus admits that Exhibit J (JATENZO® FDA-Approved Label) as cited in paragraph 49 of Lipocine's Complaint includes the statement: "Individualize the dosage of JATENZO based on the patient's serum testosterone concentration response to the drug." (Exhibit J, p. 5).  Clarus denies any and all remaining allegations in paragraph 49 of Lipocine's Complaint.

50.     Clarus admits that Exhibit J (JATENZO® FDA-Approved Label) as cited in paragraph 50 of Lipocine's Complaint includes the statement: "The recommended starting dose is 237 mg taken orally twice daily, once in the morning and once in the evening."  (Exhibit J, p.

5).  Clarus admits that 237 x 2= 474.   Clarus denies any and all remaining allegations in paragraph 50 of Lipocine's Complaint.

51.   Clarus admits that Exhibit J (JATENZO® FDA-Approved Label) as cited in paragraph 51 of Lipocine's Complaint includes the statement: "Take JATENZO with food." (Exhibit J, p. 5).  Clarus denies any and all remaining allegations in paragraph 51 of Lipocine's Complaint.

52.   Clarus admits that Exhibit J (JATENZO® FDA-Approved Label) as cited in paragraph 52 of Lipocine's Complaint includes the statement: "To ensure proper dose adjustment, measure serum testosterone concentrations 6 hours after the morning dose in plain tubes, clotted at room temperature for 30 minutes prior to centrifugation."  (Exhibit J, p. 5). Clarus denies any and all remaining allegations in paragraph 52 of Lipocine's Complaint.

53.   Clarus admits that Exhibit J (JATENZO® FDA-Approved Label) as cited in paragraph 53 of Lipocine's Complaint includes the statement "Adjust the JATENZO dose based on this serum testosterone measurement as shown in Table 1," and provides the information set forth in "Table 1: JATENZO Dose Adjustment Scheme."  (Exhibit J, p. 5).  Clarus denies any and all remaining allegations in paragraph 53 of Lipocine's Complaint.

54.   Clarus admits that Exhibit J (JATENZO® FDA-Approved Label) as cited in paragraph 54 of Lipocine's Complaint includes the statement: "Wait seven days after starting treatment or adjusting the dose before checking the serum testosterone concentration."  (Exhibit J, p. 5).  Clarus denies any and all remaining allegations in paragraph 54 of Lipocine's Complaint.

55.   Clarus admits that Exhibit J (JATENZO® FDA-Approved Label) as cited in paragraph 55 of Lipocine's Complaint includes the statement: "Thereafter, periodically monitor

serum testosterone concentrations 6 hours after the morning dose." (Exhibit J, p. 5). Clarus denies any and all remaining allegations in paragraph 55 of Lipocine's Complaint.

56.     Clarus admits that Exhibit J (JATENZO® FDA-Approved Label) as cited in paragraph 56 of Lipocine's Complaint includes the statement: "The minimum recommended dose is 158 mg twice daily. The maximum recommended dose is 396 mg (two 198 mg capsules) twice daily." (Exhibit J, p. 5). Clarus denies any and all remaining allegations in paragraph 56 of Lipocine's Complaint.

57.     Clarus admits that "Table 1: JATENZO Dose Adjustment Scheme" of Exhibit J (JATENZO® FDA-Approved Label) as cited in paragraph 57 of Lipocine's Complaint lists "No Dose Change" for "Testosterone Concentration in Serum From Plain Tube Drawn 6 hours After Morning Dose" of "425 ng/dL – 970 ng/dL." (Exhibit J, p. 5). Clarus denies any and all remaining allegations in paragraph 57 of Lipocine's Complaint.

58.     Clarus admits that "Table 3: NaF-EDTA Plasma Testosterone $C_{avg}$ and $C_{max}$ at Final PK Visit" of Exhibit J (JATENZO® FDA-Approved Label) as cited in paragraph 58 of Lipocine's Complaint lists for "All doses (N=151)" a mean $C_{avg}$ (ng/dL) of 403 and a standard deviation of 128; and a mean Cmax (ng/dL) of 1008 and a standard deviation of 581. (Exhibit J, p. 16). Clarus denies any and all remaining allegations in paragraph 58 of Lipocine's Complaint.

59.     Clarus admits that Exhibit J (JATENZO® FDA-Approved Label) as cited in paragraph 59 of Lipocine's Complaint includes the statement: "All capsule strengths also contain oleic acid, polyoxyl 40 hydrogenated castor oil (Cremophor RH 40), borage seed oil, peppermint oil, and butylated hydroxytoluene as inactive ingredients." (Exhibit J, p. 15). Clarus denies any and all remaining allegations in paragraph 59 of Lipocine's Complaint.

60.     Clarus admits that testosterone undecanoate is the active pharmaceutical ingredient in JATENZO® and that it is present in solubilized form.  Clarus denies any and all remaining allegations in paragraph 60 of Lipocine's Complaint.

61.     Clarus admits that testosterone undecanoate is the active pharmaceutical ingredient in JATENZO®, that is it present in solubilized form, and that Cremophor RH 40 is an inactive ingredient.  Clarus denies any and all remaining allegations in paragraph 61 of Lipocine's Complaint.

62.     Clarus admits that Exhibit M (Cremophor RH40, Technical Information, BASF, August 1997) as cited in paragraph 62 of Lipocine's Complaint states that the generic name of Cremophor RH 40 is polyoxyl 40 hydrogenated castor oil.  (Exhibit M, p. 3).  Clarus denies any and all remaining allegations in paragraph 62 of Lipocine's Complaint.

63.     Clarus denies the allegations in paragraph 63 of Lipocine's Complaint.

64.     Clarus admits that Exhibit G to Lipocine's Complaint (2019-03-27 Clarus Press Release) includes the statement: "Clarus expects JATENZO to be available in U.S. pharmacies before the end of the year."  (Exhibit G, p. 2).  Clarus denies any and all remaining allegations in paragraph 64 of Lipocine's Complaint.

65.     Clarus admits that Exhibit G to Lipocine's Complaint (2019-03-27 Clarus Press Release) as cited in paragraph 65 of Lipocine's Complaint includes the statement: "Clarus expects JATENZO to be available in U.S. pharmacies before the end of the year."  Clarus denies any and all remaining allegations in paragraph 65 of Lipocine's Complaint.

66.     Paragraph 66 of Lipocine's Complaint sets forth legal conclusions to which no answer is required.  To the extent an answer is required, Clarus denies any and all allegations in paragraph 66 of Lipocine's Complaint.

67.    Clarus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of Lipocine's Complaint and, therefore, denies them.

### Lipocine's NDA Product: TLANDO™

68.    Clarus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of Lipocine's Complaint and, therefore, denies them.

69.    Clarus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of Lipocine's Complaint and, therefore, denies them.

70.    Clarus admits that Lipocine has filed an NDA with the FDA seeking approval to market an oral testosterone undecanoate formulation, referred to by Lipocine as TLANDO™. Clarus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70 of Lipocine's Complaint and, therefore, denies them.

71.    Clarus admits that the formulation Lipocine refers to as TLANDO™ contains testosterone undecanoate.  Clarus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 of Lipocine's Complaint and, therefore, denies them.

72.    Clarus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of Lipocine's Complaint and, therefore, denies them.

73.    Clarus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of Lipocine's Complaint and, therefore, denies them.

74.    Clarus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of Lipocine's Complaint and, therefore, denies them.

## COUNT 1:

**(Declaratory Judgment of Indirect Infringement under
35 U.S.C. § 271(b) and/or (c) of the '858 Patent)**

75.    In response to paragraph 75 of Lipocine's Complaint, Clarus incorporates by reference its responses to paragraphs 1 to 74 of Lipocine's Complaint as if fully set forth herein.

76.    Clarus admits that Lipocine's claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, but denies that Lipocine is entitled to any relief on its claims.

77.    Clarus admits that there is an actual case or controversy such that the Court may entertain Lipocine's request for declaratory relief consistent with Article III of the United States Constitution and that an actual case or controversy requires a declaration of rights by this Court, but denies that Lipocine is entitled to any of the relief it seeks.

78.    Clarus denies the allegations in paragraph 78 of Lipocine's Complaint.

79.    Clarus admits it has actual knowledge of the '858 patent.

80.    Clarus denies the allegations in paragraph 80 of Lipocine's Complaint.

81.    Clarus denies the allegations in paragraph 81 of Lipocine's Complaint.

82.    Clarus admits that Exhibit G to Lipocine's Complaint (2019-03-27 Clarus Press Release) includes the statement: "Clarus expects JATENZO to be available in U.S. pharmacies before the end of the year."  (Exhibit G, p. 2).  Clarus denies any and all remaining allegations in paragraph 82 of Lipocine's Complaint.

83.    Clarus denies the allegations in paragraph 83 of Lipocine's Complaint.

84.    Clarus denies the allegations in paragraph 84 of Lipocine's Complaint.

85.    Clarus denies the allegations in paragraph 85 of Lipocine's Complaint.

86.    Clarus denies the allegations in paragraph 86 of Lipocine's Complaint.

87.    Clarus denies the allegations in paragraph 87 of Lipocine's Complaint.

88.    Clarus denies the allegations in paragraph 88 of Lipocine's Complaint.

89.    Clarus denies the allegations in paragraph 89 of Lipocine's Complaint.

90.    Clarus denies the allegations in paragraph 90 of Lipocine's Complaint.

91.    Clarus denies the allegations in paragraph 91 of Lipocine's Complaint.

92.    Clarus denies the allegations in paragraph 92 of Lipocine's Complaint.

93.    Clarus denies the allegations in paragraph 93 of Lipocine's Complaint.

94.    Clarus denies the allegations in paragraph 94 of Lipocine's Complaint.

95.    Clarus denies the allegations in paragraph 95 of Lipocine's Complaint.

96.    Clarus denies the allegations in paragraph 96 of Lipocine's Complaint.

97.    Clarus denies the allegations in paragraph 97 of Lipocine's Complaint.

98.    Clarus denies the allegations in paragraph 98 of Lipocine's Complaint.

99.    Clarus denies the allegations in paragraph 99 of Lipocine's Complaint.

## COUNT 2:

### (Declaratory Judgment of Indirect Infringement under
### 35 U.S.C. § 271(b) and/or (c) of the '057 Patent)

100.   In response to paragraph 100 of Lipocine's Complaint, Clarus incorporates by reference its responses to paragraphs 1 to 99 of Lipocine's Complaint as if fully set forth herein.

101.   Clarus admits that Lipocine's claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, but denies that Lipocine is entitled to any relief on its claims.

102.   Clarus admits that there is an actual case or controversy such that the Court may entertain Lipocine's request for declaratory relief consistent with Article III of the United States Constitution and that an actual case or controversy requires a declaration of rights by this Court, but denies that Lipocine is entitled to any of the relief it seeks.

103.   Clarus denies the allegations in paragraph 103 of Lipocine's Complaint.

104. Clarus admits it has actual knowledge of the '057 patent.

105. Clarus admits it became aware of the '057 patent no later than when it was issued by the Patent Office.

106. Clarus denies the allegations in paragraph 106 of Lipocine's Complaint.

107. Clarus admits that Exhibit G to Lipocine's Complaint (2019-03-27 Clarus Press Release) includes the statement: "Clarus expects JATENZO to be available in U.S. pharmacies before the end of the year." (Exhibit G, p. 2). Clarus denies any and all remaining allegations in paragraph 107 of Lipocine's Complaint.

108. Clarus denies the allegations in paragraph 108 of Lipocine's Complaint.

109. Clarus denies the allegations in paragraph 109 of Lipocine's Complaint.

110. Clarus denies the allegations in paragraph 110 of Lipocine's Complaint.

111. Clarus denies the allegations in paragraph 111 of Lipocine's Complaint.

112. Clarus denies the allegations in paragraph 112 of Lipocine's Complaint.

113. Clarus denies the allegations in paragraph 113 of Lipocine's Complaint.

114. Clarus denies the allegations in paragraph 114 of Lipocine's Complaint.

115. Clarus denies the allegations in paragraph 115 of Lipocine's Complaint.

116. Clarus denies the allegations in paragraph 116 of Lipocine's Complaint.

117. Clarus denies the allegations in paragraph 117 of Lipocine's Complaint.

118. Clarus denies the allegations in paragraph 118 of Lipocine's Complaint.

119. Clarus denies the allegations in paragraph 119 of Lipocine's Complaint.

120. Clarus denies the allegations in paragraph 120 of Lipocine's Complaint.

121. Clarus denies the allegations in paragraph 121 of Lipocine's Complaint.

122. Clarus denies the allegations in paragraph 122 of Lipocine's Complaint.

123.     Clarus denies the allegations in paragraph 123 of Lipocine's Complaint.

124.     Clarus denies the allegations in paragraph 124 of Lipocine's Complaint.

## COUNT 3:

### (Declaratory Judgement of Indirect Infringement under
### 35 U.S.C. § 271(b) & (c) of the '690 Patent)

125.     In response to paragraph 125 of Lipocine's Complaint, Clarus incorporates by reference its responses to paragraphs 1 to 124 of Lipocine's Complaint as if fully set forth herein.

126.     Clarus admits that Lipocine's claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, but denies that Lipocine is entitled to any relief on its claims.

127.     Clarus admits that there is an actual case or controversy such that the Court may entertain Lipocine's request for declaratory relief consistent with Article III of the United States Constitution and that an actual case or controversy requires a declaration of rights by this Court, but denies that Lipocine is entitled to any of the relief it seeks.

128.     Clarus denies the allegations in paragraph 128 of Lipocine's Complaint.

129.     Clarus admits it has actual knowledge of the '690 patent.

130.     Clarus denies the allegations in paragraph 130 of Lipocine's Complaint.

131.     Clarus denies the allegations in paragraph 131 of Lipocine's Complaint.

132.     Clarus admits that Exhibit G to Lipocine's Complaint (2019-03-27 Clarus Press Release) includes the statement: "Clarus expects JATENZO to be available in U.S. pharmacies before the end of the year." (Exhibit G, p. 2). Clarus denies any and all remaining allegations in paragraph 132 of Lipocine's Complaint.

133.     Clarus denies the allegations in paragraph 133 of Lipocine's Complaint.

134.     Clarus denies the allegations in paragraph 134 of Lipocine's Complaint.

135.     Clarus denies the allegations in paragraph 135 of Lipocine's Complaint.

136.     Clarus denies the allegations in paragraph 136 of Lipocine's Complaint.

137.     Clarus denies the allegations in paragraph 137 of Lipocine's Complaint.

138.     Clarus denies the allegations in paragraph 138 of Lipocine's Complaint.

139.     Clarus denies the allegations in paragraph 139 of Lipocine's Complaint.

140.     Clarus denies the allegations in paragraph 140 of Lipocine's Complaint.

141.     Clarus denies the allegations in paragraph 141 of Lipocine's Complaint.

142.     Clarus denies the allegations in paragraph 142 of Lipocine's Complaint.

143.     Clarus denies the allegations in paragraph 143 of Lipocine's Complaint.

144.     Clarus denies the allegations in paragraph 144 of Lipocine's Complaint.

145.     Clarus denies the allegations in paragraph 145 of Lipocine's Complaint.

146.     Clarus denies the allegations in paragraph 146 of Lipocine's Complaint.

147.     Clarus denies the allegations in paragraph 147 of Lipocine's Complaint.

148.     Clarus denies the allegations in paragraph 148 of Lipocine's Complaint.

149.     Clarus denies the allegations in paragraph 149 of Lipocine's Complaint.

## COUNT 4:

### (Declaratory Judgment of Indirect Infringement under
### 35 U.S.C. § 271(b) and/or (c) of the '390 Patent)

150.     In response to paragraph 150 of Lipocine's Complaint, Clarus incorporates by reference its responses to paragraphs 1 to 149 of Lipocine's Complaint as if fully set forth herein.

151.     Clarus admits that Lipocine's claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, but denies that Lipocine is entitled to any relief on its claims.

152.     Clarus admits that there is an actual case or controversy such that the Court may entertain Lipocine's request for declaratory relief consistent with Article III of the United States

Constitution and that an actual case or controversy requires a declaration of rights by this Court, but denies that Lipocine is entitled to any of the relief it seeks.

153.     Clarus denies the allegations in paragraph 153 of Lipocine's Complaint.

154.     Clarus admits it has actual knowledge of the '390 patent.

155.     Clarus denies the allegations in paragraph 155 of Lipocine's Complaint.

156.     Clarus denies the allegations in paragraph 156 of Lipocine's Complaint.

157.     Clarus admits that Exhibit G to Lipocine's Complaint (2019-03-27 Clarus Press Release) includes the statement: "Clarus expects JATENZO to be available in U.S. pharmacies before the end of the year."  (Exhibit G, p. 2).  Clarus denies any and all remaining allegations in paragraph 157 of Lipocine's Complaint.

158.     Clarus denies the allegations in paragraph 158 of Lipocine's Complaint.

159.     Clarus denies the allegations in paragraph 159 of Lipocine's Complaint.

160.     Clarus denies the allegations in paragraph 160 of Lipocine's Complaint.

161.     Clarus denies the allegations in paragraph 161 of Lipocine's Complaint.

162.     Clarus denies the allegations in paragraph 162 of Lipocine's Complaint.

163.     Clarus denies the allegations in paragraph 163 of Lipocine's Complaint.

164.     Clarus denies the allegations in paragraph 164 of Lipocine's Complaint.

165.     Clarus denies the allegations in paragraph 165 of Lipocine's Complaint.

166.     Clarus denies the allegations in paragraph 166 of Lipocine's Complaint.

167.     Clarus denies the allegations in paragraph 167 of Lipocine's Complaint.

168.     Clarus denies the allegations in paragraph 168 of Lipocine's Complaint.

169.     Clarus denies the allegations in paragraph 169 of Lipocine's Complaint.

170.     Clarus denies the allegations in paragraph 170 of Lipocine's Complaint.

171.     Clarus denies the allegations in paragraph 171 of Lipocine's Complaint.

172.     Clarus denies the allegations in paragraph 172 of Lipocine's Complaint.

173.     Clarus denies the allegations in paragraph 173 of Lipocine's Complaint.

174.     Clarus denies the allegations in paragraph 174 of Lipocine's Complaint.

## COUNT 5:

**(Declaratory Judgment of Direct Infringement under
35 U.S.C. § 271(a) of the '463 Patent)**

175.     In response to paragraph 175 of Lipocine's Complaint, Clarus incorporates by reference its responses to paragraphs 1 to 174 of Lipocine's Complaint as if fully set forth herein.

176.     Clarus admits that Lipocine's claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, but denies that Lipocine is entitled to any relief on its claims.

177.     Clarus admits that there is an actual case or controversy such that the Court may entertain Lipocine's request for declaratory relief consistent with Article III of the United States Constitution and that an actual case or controversy requires a declaration of rights by this Court, but denies that Lipocine is entitled to any of the relief it seeks.

178.     Clarus denies the allegations in paragraph 178 of Lipocine's Complaint.

179.     Clarus admits that Exhibit G to Lipocine's Complaint (2019-03-27 Clarus Press Release) includes the statement: "Clarus expects JATENZO to be available in U.S. pharmacies before the end of the year."  (Exhibit G, p. 2).  Clarus denies any and all remaining allegations in paragraph 179 of Lipocine's Complaint.

180.     Clarus admits that Exhibit G to Lipocine's Complaint (2019-03-27 Clarus Press Release) includes the statement: "Clarus expects JATENZO to be available in U.S. pharmacies before the end of the year."  (Exhibit G, p. 2).  Clarus denies any and all remaining allegations in paragraph 180 of Lipocine's Complaint.

181.    Clarus admits that the JATENZO® product as described in NDA No. 206089 is a pharmaceutical composition demonstrating improved delivery of testosterone undecanoate. Clarus denies any and all remaining allegations in paragraph 181 of Lipocine's Complaint.

182.    Clarus denies the allegations in paragraph 182 of Lipocine's Complaint.

183.    Clarus denies the allegations in paragraph 183 of Lipocine's Complaint.

184.    Clarus denies the allegations in paragraph 184 of Lipocine's Complaint.

185.    Clarus denies the allegations in paragraph 185 of Lipocine's Complaint.

186.    Clarus denies the allegations in paragraph 186 of Lipocine's Complaint.

187.    Clarus denies the allegations in paragraph 187 of Lipocine's Complaint.

188.    Clarus denies the allegations in paragraph 188 of Lipocine's Complaint.

189.    Clarus denies the allegations in paragraph 189 of Lipocine's Complaint.

190.    Clarus denies the allegations in paragraph 190 of Lipocine's Complaint.

191.    Clarus denies the allegations in paragraph 191 of Lipocine's Complaint.

## COUNT 6:

**(Declaratory Judgment of Direct Infringement under
35 U.S.C. § 271(a) of the '988 Patent)**

192.    In response to paragraph 192 of Lipocine's Complaint, Clarus incorporates by reference its responses to paragraphs 1 to 191 of Lipocine's Complaint as if fully set forth herein.

193.    Clarus admits that Lipocine's claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, but denies that Lipocine is entitled to any relief on its claims.

194.    Clarus admits that there is an actual case or controversy such that the Court may entertain Lipocine's request for declaratory relief consistent with Article III of the United States Constitution and that an actual case or controversy requires a declaration of rights by this Court, but denies that Lipocine is entitled to any of the relief it seeks.

195.   Clarus denies the allegations in paragraph 195 of Lipocine's Complaint.

196.   Clarus admits that Exhibit G to Lipocine's Complaint (2019-03-27 Clarus Press Release) includes the statement: "Clarus expects JATENZO to be available in U.S. pharmacies before the end of the year." (Exhibit G, p. 2). Clarus denies any and all remaining allegations in paragraph 196 of Lipocine's Complaint.

197.   Clarus admits that Exhibit G to Lipocine's Complaint (2019-03-27 Clarus Press Release) includes the statement: "Clarus expects JATENZO to be available in U.S. pharmacies before the end of the year." (Exhibit G, p. 2). Clarus denies any and all remaining allegations in paragraph 197 of Lipocine's Complaint.

198.   Clarus admits that the JATENZO® product as described in NDA No. 206089 is a pharmaceutical composition demonstrating improved delivery of testosterone undecanoate. Clarus denies any and all remaining allegations in paragraph 198 of Lipocine's Complaint.

199.   Clarus denies the allegations in paragraph 199 of Lipocine's Complaint.

200.   Clarus denies the allegations in paragraph 200 of Lipocine's Complaint.

201.   Clarus denies the allegations in paragraph 201 of Lipocine's Complaint.

202.   Clarus denies the allegations in paragraph 202 of Lipocine's Complaint.

203.   Clarus denies the allegations in paragraph 203 of Lipocine's Complaint.

204.   Clarus denies the allegations in paragraph 204 of Lipocine's Complaint.

205.   Clarus denies the allegations in paragraph 205 of Lipocine's Complaint.

206.   Clarus denies the allegations in paragraph 206 of Lipocine's Complaint.

207.   Clarus denies the allegations in paragraph 207 of Lipocine's Complaint.

208.   Clarus denies the allegations in paragraph 208 of Lipocine's Complaint.

## JURY TRIAL DEMAND

The paragraph following the heading "JURY DEMAND" is a demand for trial by jury by Lipocine to which no response is required.

## PRAYER FOR RELIEF

Clarus denies that Lipocine is entitled to any of the relief it seeks in subparagraphs (a)-(j).

## AFFIRMATIVE AND SEPARATE DEFENSES

Without prejudice to the denials set forth in its responses to paragraphs 1 through 208 of Lipocine's Complaint, Clarus alleges the following Affirmative and Separate Defenses to Lipocine's Complaint.  Clarus expressly reserves the right to allege additional defenses as they become known through the course of discovery.  Clarus does not intend to hereby assume the burden of proof with respect to those matters as to which, pursuant to law, Lipocine bears the burden of proof.

### First Defense
### (Invalidity of the '858 Patent)

209.    The '858 patent, and each of the claims 1 through 27, is invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

### Second Defense
### (Noninfringement of the '858 Patent)

210.    Clarus's manufacture, use, sale, offer for sale and/or importation of its NDA Product (JATENZO®), as described in NDA No. 206089, will not infringe any claim of the '858 patent.

### Third Defense
### (Invalidity of the '057 Patent)

211.    The '057 patent, and each of the claims 1 through 26, is invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

**Fourth Defense**
**(Noninfringement of the '057 Patent)**

212.    Clarus's manufacture, use, sale, offer for sale and/or importation of its NDA Product (JATENZO®), as described in NDA No. 206089, will not infringe any claim of the '057 patent.

**Fifth Defense**
**(Invalidity of the '690 Patent)**

213.    The '690 patent, and each of the claims 1 through 24, is invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

**Sixth Defense**
**(Noninfringement of the '690 Patent)**

214.    Clarus's manufacture, use, sale, offer for sale and/or importation of its NDA Product (JATENZO®), as described in NDA No. 206089, will not infringe any claim of the '690 patent.

**Seventh Defense**
**(Invalidity of the '390 Patent)**

215.    The '390 patent, and each of the claims 1 through 27, is invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

**Eighth Defense**
**(Noninfringement of the '390 Patent)**

216.    Clarus's manufacture, use, sale, offer for sale and/or importation of its NDA Product (JATENZO®), as described in NDA No. 206089, will not infringe any claim of the '390 patent.

**Ninth Defense**
**(Invalidity of the '463 Patent)**

217.    The '463 patent, and each of the claims 1 through 55, is invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

**Tenth Defense**
**(Noninfringement of the '463 Patent)**

218.    Clarus's manufacture, use, sale, offer for sale and/or importation of its NDA Product (JATENZO®), as described in NDA No. 206089, will not infringe any claim of the '463 patent.

**Eleventh Defense**
**(Invalidity of the '988 Patent)**

219.    The '988 patent, and each of the claims 1 through 88, is invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

**Twelfth Defense**
**(Noninfringement of the '988 Patent)**

220.    Clarus's manufacture, use, sale, offer for sale and/or importation of its NDA Product (JATENZO®), as described in NDA No. 206089, will not infringe any claim of the '988 patent.

## COUNTERCLAIMS

1.    Defendant/Counterclaim-Plaintiff Clarus Therapeutics, Inc. ("Clarus") brings the following Counterclaims against Plaintiff/Counterclaim-Defendant Lipocine Inc. ("Lipocine") for a declaratory judgment that the '858, '057, '690, and '390 patents are invalid and/or not infringed by the Clarus NDA Product (JATENZO®), as described in NDA No. 206089.

**The Parties**

2.      Clarus Therapeutics, Inc. is a company organized and existing under the laws of the State of Delaware, with a principal place of business at 555 Skokie Boulevard, Suite 340, Northbrook, Illinois 60062.

3.      Upon information and belief, Lipocine Inc. is a company organized and existing under the laws of the State of Delaware, with a principal place of business at 675 Arapeen Drive, Suite 202, Salt Lake City, Utah 84108.

4.      Upon information and belief, Lipocine Inc. is the owner of the '858, '057, '690, and '390 patents.

**Jurisdiction and Venue**

5.      This Court has subject matter jurisdiction over the counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202, 1331, 1338(a) and 1367, based on an actual controversy between Clarus and Lipocine arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6.      This Court has personal jurisdiction over Lipocine because Lipocine have availed itself of the rights and privileges, and subjected itself to the jurisdiction, of this forum by suing Clarus in this judicial district.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391, 1400(b), and by Lipocine's choice of forum.

**Factual Background**

8.      Clarus is the holder of approved New Drug Application ("NDA") No. 206089 ("the Clarus NDA") for oral testosterone undecanoate capsules.  On March 27, 2019, Clarus received a letter from the FDA granting approval of NDA No. 206089.

9.      Clarus's NDA product ("JATENZO®") is the first oral testosterone undecanoate product approved by the Food and Drug Administration ("FDA").

10.     Upon information and belief, Lipocine to date has not received FDA approval for its NDA which seeks FDA approval to market an oral testosterone undecanoate formulation, referred to by Lipocine as TLANDO™, for the same indication granted to JATENZO® by FDA.

**First Counterclaim**
**(Declaratory Judgment of Noninfringement and Invalidity of the '858 Patent)**

11.     Clarus incorporates by reference the allegations set forth in paragraphs 1 through 10 of the Counterclaims as if fully set forth herein.

12.     On or about April 2, 2019, Lipocine filed a civil action in this judicial district against Clarus alleging infringement of the '858 patent.  There is an actual case or controversy between Clarus and Lipocine concerning the alleged infringement of the '858 patent by the Clarus NDA Product (JATENZO®), as described in NDA No. 206089, and whether the claims of the '858 patent are invalid.

13.     The manufacture, use, sale, offer for sale and/or importation of the Clarus NDA Product (JATENZO®), as described in NDA No. 206089, does not, and would not if marketed, infringe any claim of the '858 patent.

14.     Clarus's NDA Product, as described in NDA No. 206089, has not infringed, does not infringe, and would not, if marketed, infringe, any claim of the '858 patent for at least the reason that Clarus's marketing of its NDA Product together with its labeling does not instruct, recommend or encourage doctors to, *inter alia*, administer a maintenance daily dose of testosterone undecanoate that is "within ±40%" of the amount of testosterone undecanoate of the initial regimen daily dose, as required by all claims of the '858 patent, and its NDA product has substantial non-infringing uses, such as administration of a maintenance daily dose of

35

testosterone undecanoate that is not "within ±40%" of the amount of testosterone undecanoate of the initial regimen daily dose.

15.      The '858 patent, including all claims thereof, is invalid for failure to satisfy the requirements of at least 35 U.S.C. §§ 102, 103, and/or 112.

16.      For example, and not by way of limitation, the '858 patent, including all claims thereof, is invalid for failure to satisfy the requirements of at least 35 U.S.C. §§ 102 and/or 103 over, *inter alia*, U.S. Patent Application Publication 2011/0251167 A1 ("Dudley II"), and/or Yin et al., "Reexamination of Pharmacokinetics of Oral Testosterone Undecanoate in Hypogonadal Men With a New Self-Emulsifying Formulation," *J. Androl*. 33(2): 190-201 (2011) ("Yin"), in view of the common knowledge in the art regarding the dosing of testosterone products.

17.      There is no objective evidence of nonobviousness of the claims of the '858 patent; nor would any evidence, should it exist, have the required nexus to the alleged invention of the '858 patent or outweigh the evidence in support of obviousness when all of the obviousness factors are considered together.

18.      For example, and not by way of limitation, one or more of the claims of the '858 patent is invalid for failure to satisfy the requirements of at least 35 U.S.C. § 112 for (1) failing to comply with the "written description" requirement; (2) failing to comply with the "enablement" requirement; and/or (3) failing to comply with the "definiteness" requirement.

19.      Clarus is entitled to a judicial declaration that the manufacture, use, sale, offer for sale and/or importation of the Clarus NDA Product (JATENZO®), as described in NDA No. 206089, does not, and would not if marketed, infringe any claim of the '858 patent, and that the claims of the '858 patent are invalid.

**Second Counterclaim**
**(Declaratory Judgment of Noninfringement and Invalidity of the '057 Patent)**

20.     Clarus incorporates by reference the allegations set forth in paragraphs 1 through 19 of the Counterclaims as if fully set forth herein.

21.     On or about April 2, 2019, Lipocine filed a civil action in this judicial district against Clarus alleging infringement of the '057 patent.  There is an actual case or controversy between Clarus and Lipocine concerning the alleged infringement of the '057 patent by the Clarus NDA Product (JATENZO®), as described in NDA No. 206089, and whether the claims of the '057 patent are invalid.

22.     The manufacture, use, sale, offer for sale and/or importation of the Clarus NDA Product (JATENZO®), as described in NDA No. 206089, does not, and would not if marketed, infringe any claim of the '057 patent.

23.     Clarus's NDA Product, as described in NDA No. 206089, has not infringed, does not infringe, and would not, if marketed, infringe, any claim of the '057 patent for at least the reason that Clarus's marketing of its NDA Product together with its labeling does not instruct, recommend or encourage doctors to, *inter alia*, administer a maintenance daily dose of testosterone undecanoate that is "within plus or minus 40%" of the amount of testosterone undecanoate of the initial regimen daily dose, as required by all claims of the '057 patent, and its NDA product has substantial non-infringing uses, such as administration of a maintenance daily dose of testosterone undecanoate that is not "within plus or minus 40%" of the amount of testosterone undecanoate of the initial regimen daily dose.

24.     The '057 patent, including all claims thereof, is invalid for failure to satisfy the requirements of at least 35 U.S.C. §§ 102, 103, and/or 112.

25.     For example, and not by way of limitation, the '057 patent, including all claims thereof, is invalid for failure to satisfy the requirements of at least 35 U.S.C. §§ 102 and/or 103 over, *inter alia*, U.S. Patent Application Publication 2011/0251167 A1 ("Dudley II"), and/or Yin et al., "Reexamination of Pharmacokinetics of Oral Testosterone Undecanoate in Hypogonadal Men With a New Self-Emulsifying Formulation," *J. Androl*. 33(2): 190-201 (2011) ("Yin"), in view of the common knowledge in the art regarding the dosing of testosterone products.

26.     There is no objective evidence of nonobviousness of the claims of the '057 patent; nor would any evidence, should it exist, have the required nexus to the alleged invention of the '057 patent or outweigh the evidence in support of obviousness when all of the obviousness factors are considered together.

27.     For example, and not by way of limitation, one or more of the claims of the '057 patent is invalid for failure to satisfy the requirements of at least 35 U.S.C. § 112 for (1) failing to comply with the "written description" requirement; (2) failing to comply with the "enablement" requirement; and/or (3) failing to comply with the "definiteness" requirement.

28.     Clarus is entitled to a judicial declaration that the manufacture, use, sale, offer for sale and/or importation of the Clarus NDA Product (JATENZO®), as described in NDA No. 206089, does not, and would not if marketed, infringe any claim of the '057 patent, and that the claims of the '057 patent are invalid.

### Third Counterclaim
### (Declaratory Judgment of Noninfringement and Invalidity of the '690 Patent)

29.     Clarus incorporates by reference the allegations set forth in paragraphs 1 through 28 of the Counterclaims as if fully set forth herein.

30.     On or about April 2, 2019, Lipocine filed a civil action in this judicial district against Clarus alleging infringement of the '690 patent.  There is an actual case or controversy

between Clarus and Lipocine concerning the alleged infringement of the '690 patent by the Clarus NDA Product (JATENZO®), as described in NDA No. 206089, and whether the claims of the '690 patent are invalid.

31. The manufacture, use, sale, offer for sale and/or importation of the Clarus NDA Product (JATENZO®), as described in NDA No. 206089, does not, and would not if marketed, infringe any claim of the '690 patent.

32. Clarus's NDA Product, as described in NDA No. 206089, has not infringed, does not infringe, and would not, if marketed, infringe, any claim of the '690 patent for at least the reason that Clarus's marketing of its NDA Product together with its labeling does not instruct, recommend or encourage doctors to, *inter alia*, administer a maintenance daily dose of testosterone undecanoate that is "within plus or minus 40%" of the amount of testosterone undecanoate of the initial regimen daily dose, as required by all claims of the '690 patent, and its NDA product has substantial non-infringing uses, such as administration of a maintenance daily dose of testosterone undecanoate that is not "within plus or minus 40%" of the amount of testosterone undecanoate of the initial regimen daily dose.

33. The '690 patent, including all claims thereof, is invalid for failure to satisfy the requirements of at least 35 U.S.C. §§ 102, 103, and/or 112.

34. For example, and not by way of limitation, the '690 patent, including all claims thereof, is invalid for failure to satisfy the requirements of at least 35 U.S.C. §§ 102 and/or 103 over, *inter alia*, U.S. Patent Application Publication 2011/0251167 A1 ("Dudley II") and/or Yin et al., "Reexamination of Pharmacokinetics of Oral Testosterone Undecanoate in Hypogonadal Men With a New Self-Emulsifying Formulation," *J. Androl.* 33(2): 190-201 (2011) ("Yin"), in view of the common knowledge in the art regarding the dosing of testosterone products.

35.     There is no objective evidence of nonobviousness of the claims of the '690 patent; nor would any evidence, should it exist, have the required nexus to the alleged invention of the '690 patent or outweigh the evidence in support of obviousness when all of the obviousness factors are considered together.

36.     For example, and not by way of limitation, one or more of the claims of the '690 patent is invalid for failure to satisfy the requirements of at least 35 U.S.C. § 112 for (1) failing to comply with the "written description" requirement; (2) failing to comply with the "enablement" requirement; and/or (3) failing to comply with the "definiteness" requirement.

37.     Clarus is entitled to a judicial declaration that the manufacture, use, sale, offer for sale and/or importation of the Clarus NDA Product (JATENZO®), as described in NDA No. 206089, does not, and would not if marketed, infringe any claim of the '690 patent, and that the claims of the '690 patent are invalid.

**Fourth Counterclaim**
**(Declaratory Judgment of Noninfringement and Invalidity of the '390 Patent)**

38.     Clarus incorporates by reference the allegations set forth in paragraphs 1 through 37 of the Counterclaims as if fully set forth herein.

39.     On or about April 2, 2019, Lipocine filed a civil action in this judicial district against Clarus alleging infringement of the '390 patent.  There is an actual case or controversy between Clarus and Lipocine concerning the alleged infringement of the '390 patent by Clarus NDA Product (JATENZO®), as described in NDA No. 206089, and whether the claims of the '390 patent are invalid.

40.     The manufacture, use, sale, offer for sale and/or importation of the Clarus NDA Product (JATENZO®), as described in NDA No. 206089, does not, and would not if marketed, infringe any claim of the '390 patent.

41.     Clarus's NDA Product, as described in NDA No. 206089, has not infringed, does

not infringe, and would not, if marketed, infringe, any claim of the '390 patent for at least the

reason that Clarus's marketing of its NDA Product together with its labeling does not instruct,

recommend or encourage doctors to, *inter alia*, administer a maintenance daily dose of

testosterone undecanoate that is "within plus or minus 40%" of the amount of testosterone

undecanoate of the initial regimen daily dose, as required by all claims of the '390 patent, and its

NDA product has substantial non-infringing uses, such as administration of a maintenance daily

dose of testosterone undecanoate that is not "within plus or minus 40%" of the amount of

testosterone undecanoate of the initial regimen daily dose.

42.     The '390 patent, including all claims thereof, is invalid for failure to satisfy the

requirements of at least 35 U.S.C. §§ 102, 103, and/or 112.

43.     For example, and not by way of limitation, the '390 patent, including all claims

thereof, is invalid for failure to satisfy the requirements of at least 35 U.S.C. §§ 102 and/or 103

over, *inter alia*, U.S. Patent Application Publication 2011/0251167 A1 ("Dudley II") and/or Yin

et al., "Reexamination of Pharmacokinetics of Oral Testosterone Undecanoate in Hypogonadal

Men With a New Self-Emulsifying Formulation," *J. Androl.* 33(2): 190-201 (2011) ("Yin"), in

view of the common knowledge in the art regarding the dosing of testosterone products.

44.     There is no objective evidence of nonobviousness of the claims of the '390 patent;

nor would any evidence, should it exist, have the required nexus to the alleged invention of the

'390 patent or outweigh the evidence in support of obviousness when all of the obviousness

factors are considered together.

45.     For example, and not by way of limitation, one or more of the claims of the '390

patent is invalid for failure to satisfy the requirements of at least 35 U.S.C. § 112 for (1) failing

to comply with the "written description" requirement; (2) failing to comply with the "enablement" requirement; and/or (3) failing to comply with the "definiteness" requirement.

46.     Clarus is entitled to a judicial declaration that the manufacture, use, sale, offer for sale and/or importation of Clarus NDA Product (JATENZO®), as described in NDA No. 206089, does not, and would not if marketed, infringe any claim of the '390 patent, and that the claims of the '390 patent are invalid.

**Fifth Counterclaim**
**(Exceptional Case)**

47.     Clarus incorporates by reference the allegations set forth in paragraphs 1 through 46 of the Counterclaims as if fully set forth herein.

48.     At the time Lipocine filed the Complaint, Lipocine had not made a good faith inquiry into their allegations against Clarus for infringement of the '858, '057, '690, '390, '463, and '988 patents.

49.     At the time Lipocine filed the Complaint, Lipocine had no objectively reasonable basis for charging Clarus with infringement of the '858, '057, '690, '390, '463, and '988 patents.

50.     This action is an exceptional case within the meaning of 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Clarus prays that this Court enter judgment against Lipocine:

A.     That the manufacture, use, sale, offer for sale and/or importation of Clarus NDA Product (JATENZO®), as described in NDA No. 206089, does not, and would not if marketed, infringe any claim of the '858, '057, '690, '390, '463, and '988 patents;

B.     That the claims of the '858, '057, '690, '390, '463, and '988 patents are invalid;

C.     That Lipocine's Complaint be dismissed with prejudice and judgment entered in favor of Clarus;

D.     That, under 35 U.S.C. § 285, this is an "exceptional case" and awarding Clarus its

attorneys' fees, costs, and expenses in this action;

E.     Awarding Clarus its costs and expenses incurred in this action; and

F.     Awarding Clarus such other and further relief as the Court may deem proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Robert. F. Green
Christopher T. Griffith
Caryn C. Borg-Breen
Ann K. Kotze
GREEN, GRIFFITH & BORG-BREEN LLP
City Place, Suite 3900
676 North Michigan Avenue
Chicago, IL  60611
(312) 883-8000

Jeffrey S. Ward
GREEN, GRIFFITH & BORG-BREEN LLP
8215 Greenway Blvd., Suite 220
Middleton, WI 53562
(312) 883-8000

April 8, 2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 8, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 8, 2019, upon the following in the manner indicated:

Gregory R. Booker, Esquire                                    *VIA ELECTRONIC MAIL*
Grayson Sundermeir, Esquire
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE  19899
*Attorneys for Defendant*

W. Chad Shear, Esquire                                          *VIA ELECTRONIC MAIL*
Megan A. Chacon, Esquire
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA  92130
*Attorneys for Defendant*


                                        */s/ Brian P. Egan*
                                        _____
                                        Brian P. Egan (#6227)