IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIPOCINE INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CLARUS THERAPEUTICS, INC., )<br>)<br>Defendant. ) | C.A. No. 19-622 (LPS) |

**[PROPOSED] SCHEDULING ORDER [PATENT, NON-ANDA]**[1]

This 19th day of August, 2019, the Court having conducted a Case Management Conference/Rule 16 scheduling and planning conference pursuant to Local Rule 16.1(a) and Judge Stark's Revised Procedures for Managing Patent Cases (which is posted at http://www.ded.uscourts.gov; *see* Chambers, Judge Leonard P. Stark, Patent Cases) on August 15, 2019; the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration; and Plaintiff having confirmed that it will not seek preliminary injunctive relief in this case, even in the event of Defendant launching its FDA-approved JATENZO® testosterone undecanoate product;

IT IS HEREBY ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, Plaintiff[2] shall make its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five (5) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including

---

[1] Exhibit A (attached to this Proposed Scheduling Order) contains a table summarizing and comparing the parties' proposed dates incorporated in this Proposed Scheduling Order.

[2] Defendant's Rule 26(a)(1) Initial Disclosures were served on April 25, 2019.

Discovery of Electronically Stored Information ("ESI") (which is posted at http://www.ded.uscourts.gov; *see* Other Resources, Default Standards for Discovery, and is incorporated herein by reference). The parties shall make their initial disclosures per paragraph 3 of the Court's Default Standard for Discovery, including Discovery of ESI by August 26, 2019.

2. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before January 17, 2020.

3. Application to Court for Protective Order. The Court entered the parties' stipulated protective order on August 15, 2019 (D.I. No. 25).

4. Papers Filed Under Seal. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5. Courtesy Copies. Other than with respect to "discovery matters," which are governed by paragraph 8(g), and the final pretrial order, which is governed by paragraph 20, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of

any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

6. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7. <u>Disclosures</u>. Absent agreement among the parties, and approval of the Court:

a. By <u>August 29, 2019</u>, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

b. On <u>May 15, 2019</u>, Defendant produced core technical documents (*i.e.*, information from Defendant's New Drug Application ("NDA") No. 206089 and Investigational New Drug Application ("IND") No. 78,104) related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.

c. [Plaintiff's Proposal: By <u>September 25, 2019</u>]; [Defendant's Proposal: By September 13, 2019], Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes. Plaintiff's Initial Infringement Contentions are to be limited to no more than 40 asserted claims, with no more than 10 per patent, in the absence of a showing by Plaintiff of good cause.

d. [Plaintiff's Proposal: By: <u>October 4, 2019</u>]; [Defendant's Proposal: September 27, 2019], Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references. [Plaintiff's Proposal: Defendant's Initial Invalidity Contentions are to be limited to no more than 24 prior art references total, in the

absence of a showing by Defendant of good cause]; [Defendant's Proposal: Defendant's Initial Invalidity Contentions are to be limited to no more than 40 primary prior art references, and no more than 160 combinations, in the absence of a showing by Defendant of good cause.]

  e. <u>By March 13, 2020</u>, Plaintiff shall provide final infringement contentions. [Defendant's Proposal: Plaintiff's final infringement contentions shall be limited to no more than 20 asserted claims, with no more than 5 per patent, in the absence of a showing by Plaintiff of good cause]; [Plaintiff's Proposal: Plaintiff's Final Infringement Contentions are to be narrowed to no more than 24 claims across all patents-in-suit without further limitation as to the number of claims per patent, in the absence of a showing by Plaintiff of good cause.]

  f. <u>By March 27, 2020</u>, Defendant shall provide final invalidity contentions. [Plaintiff's Proposal: Defendant's Final Invalidity Contentions are to be further narrowed to no more than 12 prior art references, in the absence of a showing by Defendant of good cause. Defendant is to further reduce its affirmative defenses and counterclaims by the Final Invalidity Contention deadline.]; [Defendant's Proposal: Defendant's Final Invalidity Contentions are to be further narrowed to no more than 20 prior art references, with no more than 80 combinations, in the absence of a showing by Defendant of good cause.]

 8. <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

  a. <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before <u>March 6, 2020</u>.

  b. <u>Document Production</u>. Document production shall be substantially complete by <u>January 10, 2020</u>. A maximum of 50 requests for production are permitted for each side.

    c. <u>Requests for Admission</u>. A maximum of 50 requests for admission are permitted for each side, which shall not include any requests for admission regarding the authenticity of any document produced by the parties.

    d. <u>Interrogatories</u>.

      i. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

      ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.

    e. <u>Depositions</u>.

      i. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination, which includes party, third party, and Rule 30(b)(6) deposition testimony limited in accordance with Fed. R. Civ. P. 30 to 1 day of 7 hours per witness. Except by agreement of the parties or leave of the Court, the parties shall be limited to 14 hours of 30(b)(6) testimony. To the extent a witness is disclosed as a trial witness but was not previously identified and not deposed in the case, regardless of whether the taking Party has reached its maximum number of deposition hours that witness may be deposed between the time of his or her disclosure and trial in this matter. Counsel shall cooperate in the scheduling of party depositions and, subject to all rights under the Federal Rules of Civil Procedure, make reasonable efforts to schedule depositions within the time period requested by

the party taking the deposition. Counsel shall accept service of deposition notices for their clients and current employees of their clients.

        ii.      Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.

Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    f.    Disclosure of Expert Testimony.

        i.      Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before April 17, 2020. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before May 15, 2020. Reply expert reports from the party with the initial burden of proof are due on or before June 3, 2020. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition on the date of submission of an expert's first report, such depositions to take place before the close of expert discovery on: July 1, 2020.

        ii.      Expert Report Supplementation. The parties agree they **[will]** permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

        iii.      Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm.*,

- 6 -

*Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

  g. <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

    i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

    ii. Should counsel find, after good faith efforts—including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Stark:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> _____
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> **[provide here a non-argumentative list of disputes requiring judicial attention]**

    iii. On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter,

- 7 -

not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

        iv.      Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

        v.      Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

9.    Motions to Amend.

   a.   Any motion to amend (including a motion for leave to amend) a pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

   b.   Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

   c.   Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

10.    Motions to Strike.

   a.   Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

      b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

      c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

      11.      <u>Tutorial Describing the Technology and Matters in Issue</u>. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than thirty (30) minutes. The tutorial should focus on the technology in issue and should not be used for argument. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than five (5) pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial (currently best are "mpeg" or "quicktime").

      12.      <u>Claim Construction Issue Identification</u>. On [Plaintiff's Proposal: October 18, 2019]; [Defendant's Proposal: October 4, 2019], the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on [Plaintiff's Proposal: October 22, 2019]; [Defendant's Proposal: October 11, 2019]. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim

language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

13. <u>Claim Construction Briefing</u>. The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on [Plaintiff's Proposal: November 15, 2019]; [Defendant's Proposal: November 1, 2019]. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on [Plaintiff's Proposal: December 13, 2019]; [Defendant's Proposal: November 22, 2019]. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on [Plaintiff's Proposal: January 8, 2020]; [Defendant's Proposal: December 11, 2019]. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on [Plaintiff's Proposal: January 15, 2020]; [Defendant's Proposal: December 19, 2019]. No later than [Plaintiff's Proposal: January 21, 2020]; [Defendant's Proposal: December 23, 2019], the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below:

    JOINT CLAIM CONSTRUCTION BRIEF

    I. Agreed-upon Constructions

    II. Disputed Constructions

    A. [TERM 1]

        1. Plaintiffs Opening Position

        2. Defendant's Answering Position

        3. Plaintiffs Reply Position

        4. Defendant's Sur-Reply Position

    B. [TERM 2]

> 1. Plaintiffs Opening Position
>
> 2. Defendant's Answering Position
>
> 3. Plaintiffs Reply Position
>
> 4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

14. <u>Hearing on Claim Construction</u>. Beginning at <u>4:00 p.</u>m. on [~~Plaintiff's Proposal: TBD (Late January 2020/Early February 2020 subject to the Court's availability)]; [Defendant's Proposal: TBD (January 2020, subject to the Court's availability)~~] <u>February 3, 2020</u>, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

15. <u>Interim Status Report</u>. On <u>February 7, 2020,</u> counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16. <u>Supplementation</u>. Absent agreement among the parties, and approval of the Court, no later than: <u>By March 13, 2020, Plaintiff must finally supplement, *inter alia*, the identification</u>

Case 1:19-cv-00622-LPS Document 32 Filed 08/19/19 Page 12 of 14 PageID #: 664

Case 1:19-cv-00622-LPS Document 28 Filed 08/16/19 Page 12 of 14 PageID #: 641

of all accused products, and by March 27, 2020, Defendant must finally supplement, *inter alia*, the identification of all invalidity references.]

17. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

18. <u>Pretrial Conference</u>. On <u>August 7, 2020</u>, the Court will hold a pretrial conference in Court with counsel beginning at 1:00 p.m. EST Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order – Patent, which can be found on the Court's website (www.ded.uscourts.gov), on or before July 31, 2020. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)–(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order – Patent, the parties shall include in their joint proposed final pretrial order, among other things:

a. <u>a request for a specific number of *hours* for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be 5½ to 6½ hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

      b.    <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony,</u> including objections based on lack of completeness and/or lack of inconsistency;

      c.    <u>their position as to whether the Court should rule at trial on objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

      d.    <u>their position as to how to make motions for judgment as a matter of law,</u> whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

19.    <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered

by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

20. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in WordPerfect or Microsoft Word format, which may be submitted by e-mail to Judge Stark's staff.

21. <u>Trial</u>. This matter is scheduled for a 5 day trial beginning at 9:30 a.m. on <u>August 24, 2020</u> with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

22. <u>Judgment on Verdict and Post-Trial Status Report</u>. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

23. <u>Post-Trial Motions</u>. Unless otherwise ordered by the Court, all **SIDES** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____
CHIEF, UNITED STATES DISTRICT JUDGE