

Fish & Richardson P.C.
222 Delaware Avenue
17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114

302 652 5070 main
302 652 0607 fax

**Kelly Allenspach Del Dotto**
Associate
allenspach.del.dotto@fr.com
302 778 8403 direct

February 7, 2020

**VIA ECF**

The Honorable William C. Bryson
United States Court of Appeals for the
Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

Re: *Lipocine, Inc. v. Clarus Therapeutics, Inc.*, C.A. No. 19-622 (WCB)

Dear Judge Bryson:

Pursuant to Paragraph 15 of the Scheduling Order (D.I. 32), Plaintiff Lipocine, Inc. ("Lipocine") and Defendant Clarus Therapeutics, Inc. ("Clarus") jointly submit this interim status report.

**I.    Nature of the Matters in Issue**

This case involves claims for patent infringement relating to methods of treating patients with oral testosterone undecanoate formulations and certain pharmaceutical compositions for improved delivery of pharmaceutical active ingredients including sex hormones like testosterone undecanoate. Plaintiff Lipocine and Defendant Clarus are both pharmaceutical companies whose products include, among others, oral testosterone undecanoate formulations for testosterone replacement therapies.

Lipocine brought this suit on April 2, 2019 alleging that Clarus willfully infringes, under 35 U.S.C. §§ 271(a)-(c), six of Lipocine's patents: U.S. Patent Nos. 9,034,858 (the "'858 patent"), 9,205,057 (the "'057 patent"), 9,480,690 (the "'690 patent"), 9,757,390 (the "'390 patent") (collectively, the "Titration Patents"); and U.S. Patent. Nos. 6,569,463 (the "'463 patent") and 6,923,988 (the "'988 patent") (collectively, the "Formulation Patents"). Lipocine contends that Clarus's commercial manufacture, importation, use, sale, or offer for sale of its testosterone-undecanoate product JATENZO® will infringe any valid or enforceable claim of the patents-in-



The Honorable William C. Bryson
February 7, 2020
Page 2

suit. Clarus asserts affirmative defenses of noninfringement and invalidity under 35 U.S.C. §§ 101, 102, 103, and/or 112 and counterclaims for declaratory judgment of noninfringement and invalidity for the '858 patent, '057 patent, '690 patent and '390 patent. Clarus asserts affirmative defenses of noninfringement and invalidity under 35 U.S.C. §§ 102, 103, and/or 112 for the '463 and '988 patents, and obviousness-type double patenting for the '988 patent. On February 6, 2020, Lipocine communicated to Clarus that it was willing to voluntarily dismiss its claims for infringement of the '463 and '988 patents and circulated a draft stipulation of dismissal for Clarus's review.

## II. Progress of Discovery to Date

The parties exchanged initial disclosures on April 25, 2019 (D.I. 11) and August 23, 2019 (D.I. 34). Thereafter, Lipocine provided its initial infringement contentions (D.I. 40) and Clarus provided its initial invalidity contentions (D.I. 41). The parties have also served and responded to multiple sets of document requests (D.I. 15, 23, 39, 44, 46, 53, 58, 85), interrogatories (D.I. 26, 38, 39, 44, 46, 54, 97), and both parties have also provided supplemental responses (D.I. 67, 68) and served requests for admission (D.I. 96, 97). The parties have engaged in document collection and production efforts, and both parties are substantially complete in their document production as of January 10, 2020, but will continue to supplement productions as necessary. *See* D.I. 32, ¶ 8.b.

Pursuant to paragraph 13 of the Scheduling Order (D.I. 32; *see also* D.I. 62), the parties submitted their Joint Claim Construction Brief on February 3, 2020 (D.I. 86). Clarus raised invalidity arguments regarding indefiniteness, under 35 U.S.C. § 112, as part of its claim construction arguments. A *Markman* hearing to address the parties' competing claim constructions and indefiniteness arguments is scheduled for February 11, 2020. *See* D.I. 62.

Fact discovery is scheduled to close March 6, 2020. *See* D.I. 32, ¶ 8.a. Both parties have issued notices and subpoenas for depositions. *See* D.I. 71-84, 89, 91, 92, 95. The parties are working to schedule all fourteen noticed depositions (not including any additional Rule 30(b)(6) designees) before the end of fact discovery on March 6, 2020.

Plaintiff is to provide final infringement contentions on March 13, 2020 narrowing the number of asserted claims across all patents to 24. *See* D.I. 32, ¶ 7(e). Defendant is to provide final invalidity contentions on March 27, 2020 narrowing the number of prior art references to 12. *See* D.I. 32, ¶ 7(f).



The Honorable William C. Bryson
February 7, 2020
Page 3

### III. Issues That May Require the Court's Attention

To date, the parties have respectively raised issues regarding the sufficiency of each other's responses to interrogatories and requests for production. The parties are in the process of meeting and conferring on these issues and hope to resolve any disputes without the need to seek relief or intervention from the Court. If, however, these disputes are not resolved shortly, Plaintiff may seek the assistance of the Court regarding the sufficiency of Clarus's discovery responses. Defendant has requested a meet-and-confer with Plaintiff regarding several pending deficiencies in Plaintiff's discovery responses and production of documents to date, and may seek the assistance of the Court if its efforts to resolve the same are unsuccessful.

Further, Clarus has filed notices of deposition and/or subpoenas for the deposition of nine current or former Lipocine employees. Lipocine has noticed and/or subpoenaed the depositions of five current or former Clarus employees. The parties intend to meet and confer regarding the availability of witnesses for the dates noticed. At this time, the parties expect to complete all fourteen depositions by March 6, but depending on witness availability, may need to take some of these depositions beyond the fact discovery cutoff.

Respectfully submitted,

/s/ Kelly A. Del Dotto

Kelly A. Del Dotto (#5969)

cc:   Counsel of Record – via ECF