IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIPOCINE INC., <br><br> Plaintiff, <br><br> v. <br><br> CLARUS THERAPEUTICS, INC., <br><br> Defendant. | C.A. No. 19-622 (WCB) |

**ORDER**

Plaintiff Lipocine Inc. has submitted a letter requesting guidance as to scheduling of events up to and including the trial in this case. Dkt. No. 208. In light of the current situation with the COVID-19 pandemic, it is likely that the jury trial in this case will have to be postponed and that the trial will not be held in February 2021, as currently scheduled. In making a final determination on that question, I will follow the guidance provided by the District of Delaware, which has issued regular orders governing the scheduling of jury trials and other proceedings during the pandemic. If the situation changes and the trial can be conducted as scheduled, I will promptly advise the parties. For purposes of making the necessary arrangements for the trial, however, counsel may assume that the February 8, 2021, trial date will not hold. Similarly, the pretrial conference scheduled for January 8, 2021, will be postponed if the trial is continued.

The remaining scheduled tasks set forth in the scheduling order will not be postponed, however, and should be completed as currently scheduled. Those include the preparation and submission of the joint pretrial order, the filing of motions in limine, and the filing of jury

materials. Completing those tasks in accordance with the current schedule will ensure the maximum flexibility in rescheduling the trial if doing so becomes necessary.

Counsel's letter also asked about how the trial of the inequitable conduct issue will be conducted. As I explained in the August 17, 2020, telephonic conference in which this matter was discussed, I will conduct the jury trial on legal issues first, and a bench trial on the inequitable conduct issue afterwards at a time yet to be scheduled. In resolving the inequitable conduct issue, I will consider any evidence that is introduced at the jury trial but is also relevant to inequitable conduct. Any additional evidence that is relevant solely to the inequitable conduct issue will be introduced at the inequitable conduct trial.

IT IS SO ORDERED.

SIGNED this 11th day of November, 2020.

WILLIAM C. BRYSON
UNITED STATE CIRCUIT JUDGE