# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

Brian P. Egan
(302) 351-9454
began@morrisnichols.com

**REDACTED - PUBLIC VERSION**
**Original Filing Date: May 18, 2021**
**Redacted Filing Date: May 25, 2021**

The Honorable William C. Bryson
United States Court of Appeals for the
Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

*VIA ELECTRONIC FILING*

Re: *Lipocine Inc. v. Clarus Therapeutics, Inc.*, C.A. No. 19-622-WCB (D. Del.)

Dear Judge Bryson:

Lipocine's Asserted Patents represent, in Examples 48 and 49, that clinical testing was conducted by Lipocine on the formulations of Examples 15A and 41 at dose ranges of 360-460 and 430-460 mg TU/day. Those patents also represent that these same formulations produced specific claimed PK results, and that the clinical data from these studies was further used in the simulations reported in Examples 50 and 53. ('858 Patent at 37:13-38:15, Table XX, XXI, XXII; 40:38-42, Table XXV.) Further, in opposing Clarus's motion for summary judgment under 35 U.S.C. § 112, Lipocine states that Example 48 "presents the clinical PK data based on the administration of five different oral TU formulations (Examples 15A, 40, 41, 45 and 47) under different daily TU doses," and makes a similar statement with respect to Example 49. (*See* D.I. 200 at 10, 19). Lipocine then again asserted at the May 14, 2021, teleconference that Lipocine had clinically tested at least Example 15A, if not also Example 41. (Exh. A, 5/14/21 Tr. at 23:10-16 ("The Example 15(a) was part of a clinical trial. It was a Phase 1 clinical trial; I believe that was Lipocine's M13-298 trial. Example 41 I would have to confirm."), 26:4-7 ("[Example 15(a)] was tested in a clinical study dose of 450 milligrams.")).

At Your Honor's urging, Lipocine has now finally confirmed that the clinical trials on Examples 15A and 41 ***never occurred***. (D.I. 263.) The implications of this admission are that the representations in the patents and Lipocine's summary judgment briefing regarding these formulations are incorrect and that the reported PK data are not real. Lipocine has now also admitted that to the extent the example formulations, or ones allegedly considered to be "similar" to those formulations, were ever actually tested, it was only at one dose—450 mg of TU per day (D.I. 263). This means that the patent's representations that the "Total daily TU dose administered" was a range of, e.g., 360-460 mg per day or 430-460 mg per day, also are not real. These admissions by Lipocine that the *only* actual formulation described in the patent that forms a basis for the allegedly inventive method of titration is Example 40 further favor a grant of Clarus's Motion for Summary Judgment.

Lipocine's attempts to rationalize the inconsistencies between the patent and the underlying facts should be dismissed. These facts are not part of the summary judgment record, and further

are not relevant to the questions of written description support or enablement presented by Clarus's Summary Judgment Motion. Lipocine and its CEO Dr. Patel now assert, for the first time, that the PK data for Examples 15A and 41 "were based on the results and formulations clinically-tested in clinical study M13-298", that the differences in the four formulations ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and that Lipocine built the formulation Examples 15A and 41 "based on the M13-298 study" because formulation Examples 15A and 41 ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (D.I. 263.) However, the salient fact here is that the M13-298 study is nowhere disclosed in the patent or its file history, and the alleged connection between Examples 15A and 41 and the M13-298 study is not something that was known, or could have been known, to a POSA. Indeed, Lipocine's experts never mentioned ▮▮▮▮▮▮ in their expert reports or depositions when discussing the clinical trials allegedly performed on Examples 15A and 41.

Further, these statements by Dr. Patel conflict with his deposition testimony and that of Lipocine's experts. For example, during his deposition Dr. Patel could not recall the origin of Example 15A, nor whether it was clinically tested (Exh. B, Patel Dep. Tr. at 530:21-533:12). Dr. Patel also testified at length that changes to formulations could impact the PK results (D.I. 187-4, Exh. L, Patel Dep. Tr. at 510:5-31). Lipocine's expert Dr. Berkland agreed, stating that even small changes in a given formulation may affect its PK performance. (D.I. 187-2, Exh. F, Berkland Dep. Tr. at 79:17-81:15).

And, while Lipocine asserts that the M13-298 study ▮▮▮▮▮▮ differed from Examples 15A and 41 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



| Patent Formulation 15A |
|---|
| 18 wt.% TU |
| 63 wt.% Maisine 35-1 |
| 7 wt.% Cremophor RH40 |
| *12% Precirol ATO-5* |

Finally, Lipocine's assertion that "achieving the desired PK endpoints such as those claimed in the '858 patent has less to do with the particular formulation and is more directly a result of the treatment regimen—specifically, the initial dose and titration scheme" is contradicted by the patent specification itself. (D.I. 263). Specifically, the '858 patent states that the capsules

---

[1] Because the formulation of Example 41 is not completely described in the patent, one cannot know whether this formulation contained the same or different excipients. In any case, Example 41 does not limit its excipients to those of ▮▮▮▮▮▮▮▮▮▮ instead listing them generically as "monoglycerides," "hydrophilic surfactants," and "solidifying agent." ('858 Patent at Table XVIII.)

The Honorable William C. Bryson                                                                                              Page 3
May 18, 2021

"can be formulated such that" they achieve a serum total testosterone $C_{avg}$ in the normal range and/or certain target dose normalized $C_{max}$ and $C_{avg}$ values.  ('858 Patent at 19:9-28, 19:32-54.)

                                                        Respectfully,

                                                        */s/ Brian P. Egan*

                                                        Brian P. Egan (#6227)

BPE/rah

cc: All Counsel of Record (via electronic mail)