

Fish & Richardson P.C.
222 Delaware Avenue
17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114

302 652 5070 main
302 652 0607 fax

June 15, 2021

**Gregory R. Booker**
Principal
booker@fr.com
+1 302 652 5070  direct

<u>VIA ECF</u>

The Honorable William C. Bryson
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

Re:  *Lipocine Inc. v. Clarus Therapeutics, Inc.,* **C.A. No. 19-622 (WCB) –
     Joint Status Report**

Dear Judge Bryson:

I write on behalf of both parties, pursuant to Your Honor's May 25, 2021 Memorandum
Opinion and Order (D.I. 267), to provide the parties' recommendations for how the Court should
proceed with Clarus's counterclaims against Lipocine's unasserted patent claims.

**Lipocine's Position:**

No case and controversy remains with respect to Clarus's counterclaims of non-
infringement and invalidity against the unasserted patent claims, and the Court thus lacks
jurisdiction to hear them.  Consistent with the Scheduling Order (D.I. 32), at the outset of the
litigation, in its initial infringement contentions, Lipocine narrowed the scope of claims at issue
to just forty asserted claims across all four Asserted Patents.  (*See* D.I. 32, ¶ 7.c; D.I. 40.)  On
June 19, 2020, Lipocine further narrowed the scope of the asserted claims to just twenty-four
claims.  (*See* D.I. 128; D.I. 32, ¶ 7.e.)  Since the time of Lipocine's final infringement
contentions, the parties have known that "the scope of the claims at issue was only a subset of
the full patents-in-suit."  *See Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*, 666 F.3d 1269, 1284
(Fed. Cir. 2012).  And in whittling the number of asserted claims to only twenty-four, Lipocine
withdrew its allegations of infringement for any claims not asserted in its final contentions.  *See
id*.  Thus, no case and controversy exists with respect to these unasserted claims.  *Id*.; *see also
Hoffman La-Roche Inc. v. Mylan Inc.*, 2009 WL 4796736, at *5 (D.N.J. Dec. 9, 2009) ("Once the
claimant changes its litigation position, the counterclaimant cannot go forward with its
declaratory judgment action in regard to the unasserted claims unless it show the existence of a
live case or controversy.").

The burden lies with Clarus to demonstrate that a case and controversy remains with
respect to the unasserted claims.  *See Streck* 666 F.3d at 1284; *Hoffman*, 2009 WL 4796736, at
*5.  In determining whether Clarus has met this burden, the Court must consider all the



June 15, 2021
Page 2

circumstances.  *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  However, under the circumstances here, Clarus cannot reasonably demonstrate a continuing case and controversy on claims for which Lipocine relinquished its allegations of infringement nearly a year ago.

**Clarus's Position:**

       Clarus agrees with Lipocine that no case or controversy remains with respect to Clarus's counterclaims of non-infringement and invalidity against the <u>unasserted</u> patent claims.  Lipocine is barred from asserting these patent claims against Clarus's JATENZO® product in the future under the principles of claim preclusion and/or issue preclusion.  *See ViaTech Techs., Inc. v. Microsoft Corp.*, No. CV 17-570-RGA, 2018 WL 4126522, at *3, n. 5 (D. Del. Aug. 29, 2018) (claim preclusion applies to claims and infringement theories that "could have been raised.")

       Clarus also agrees with Your Honor's determination that jurisdiction remains over (i) Clarus's counterclaim of inequitable conduct, (ii) Clarus's counterclaim of patent misuse, and (iii) Clarus's counterclaim seeking to have this case adjudged an "exceptional case." (D.I. 269 at 53-54; *see also* D.I. 273 (counterclaims).)  Relatedly, in view of Lipocine's May 17th admission that Examples 15A and 41 were not clinically tested (D.I. 263) and Dr. Patel's declaration regarding the preparation of Data Examples 48 and 49 (D.I. 263-1, Ex. F), Clarus intends to file a motion to compel  limited production of documents and reopening of discovery for the purpose of (1) obtaining Lipocine's previously withheld and/or clawed back documents that relate to how the Data Examples 48 and 49 of the '858 patent were assembled on the basis of privilege waiver; (2) permitting limited supplemental depositions (i.e., 2.5 hours each) of inventors Dr. Patel and Dr. Chidambaram regarding the subject matter of Examples 15A and 41, including their inclusion in the patents-in-suit and the clinical and simulated pharmacokinetic data reported for these compositions in the Data Examples, and (3) permitting the parties to exchange brief (i.e., 8 pages or less) supplemental expert reports relating to Clarus's amended inequitable conduct counterclaims relating to Examples 15A and 41.  In correspondence dated June 10, 2021, Clarus requested Lipocine's consent to the above-described motions and is awaiting Lipocine's position. The parties expect to meet-and-confer on these issues this week.

       Clarus anticipates that the above-described additional discovery will take no longer than 8 weeks to complete and can be performed concurrently with the parties' trial preparations. Accordingly, Clarus requests that trial be set for Clarus's remaining counterclaims at the earliest practicable date, and they should be adjudicated prior to entry of final judgment.  Clarus believes a 2-3 day bench trial is sufficient to address Clarus's remaining counterclaims.

       Counsel for both parties are available at the Court's convenience should Your Honor wish to discuss this matter further.



June 15, 2021
Page 3

Respectfully submitted,

*/s/ Gregory R. Booker*

Gregory R. Booker (#4460)

cc:      Counsel of Record – via ECF